IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paul Leslie Cox, # 75206, | ) | |
| | ) | Civil Action No. 8:15-2148-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States, | ) | |
| The State of S.C., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

      Petitioner Paul Leslie Cox, a state inmate proceeding pro se, filed this Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Petitioner's action without prejudice and without requiring Respondent to file an answer or return. (ECF No. 9).  Petitioner was advised of his right to file objections to the Report. (ECF No. 9 at 6). However, Petitioner has not filed objections, and the time to do so has now run.

      The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

2

After a thorough review of the applicable law, the record in this case, and the Report, the court finds no clear error and, therefore, adopts the Report (ECF No. 9) and incorporates it herein by reference. Accordingly, Petitioner's action is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 8, 2015
Anderson, South Carolina